**Entered on Docket**
**November 03, 2011**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: November 02, 2011**

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | Case No. 11-30705 TEC |
| | ) | |
| CHRISTOPHER D. COOK, | ) | Chapter 7 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

### MEMORANDUM DECISION RE DEBTOR'S MOTION TO AVOID JUDGMENT LIEN

The court held a trial on October 27, 2011 on Debtor's motion to avoid the judgment lien of Stephanie and Mike Rosen (the Rosens). Raymond R. Miller and Bradley M. Kass appeared for Debtor. Lawrence D. Miller appeared for the Rosens.

Debtor seeks to avoid the judgment lien on his residence at 1255 Millbrae Avenue, Millbrae, California (the Subject Property) as impairing his homestead exemption. 11 U.S.C. § 522(f). The parties stipulated that the balance on the Rosens' judgment lien far exceeds any equity in the Subject Property in excess of consensual liens. The court reserved for another time determination of the exact balance of the consensual liens on the petition date (February 25, 2011). The court heard testimony regarding the value of the Subject Property, and makes the

MEMORANDUM DECISION      -1-

1 following findings of fact.

2    (1)  The fair market value of the Subject Property as of

3 February 25, 2011 was $1,175,000.

4    (2)  The most useful comparable sale was that involving

5 1176 Millbrae Avenue, Millbrae, California, which closed on

6 January 14, 2011 for $1,113,000.  Both appraisers utilized this

7 sale, and it was close in time to the valuation date.  This sale

8 clearly indicated that the Subject Property is worth substantially

9 more than $1,113,000 for the following reasons: (a) both this

10 property and the Subject Property are on the same street; (b) the

11 Subject Property is substantially superior in view, location,

12 quality, and every other respect except size; and (c) the smaller

13 size of the Subject Property can be easily adjusted for, and does

14 not offset its other advantages.

15    (3)  The second most useful comparable is that involving

16 26 Estate Drive, Millbrae, California.  This is the only other

17 comparable both appraisers utilized, and both appraisers derived

18 similar indicated value for the Subject Property from this sale.

19 Debtor's appraiser concluded that this sale indicated the Subject

20 Property was worth $1,235,000.  Creditors' appraiser indicated that

21 this sale indicated the Subject Property was worth $1,239,000.

22    (4)  The sale of the property at 1248 Millbrae Avenue,

23 Millbrae, California for $1,000,000, although close in location, is

24 not very useful, because it was remote in time from the valuation

25 date (six months later).  This time difference is important,

26 because the seller dropped the price by $300,000 shortly before the

27 sale.

28    (5)  The other comparable sales utilized by Debtor's appraiser

MEMORANDUM DECISION                    -2-

1  are less useful, because each was different from the Subject

2  Property in one or more of the following respects: much nearer the

3  freeway, not a custom home like the Subject Property, showed signs

4  of being a distress sale (owned by a bank and/or vacant at time of

5  sale).

6      (6)  The other comparables relied upon by Creditors' appraiser

7  are less useful, because they were too remote in location from the

8  Subject Property.

9      (7)  Creditors' appraiser was generally a more persuasive

10 expert witness than Debtor's appraiser.

11                               **\*\*END OF MEMORANDUM DECISION\*\***

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM DECISION                 -3-