James D. Curran - SBN 126586
Amy K. Thomas - SBN 202876
WOLKIN · CURRAN, LLP
555 Montgomery Street, Suite 1100
San Francisco, California 94111
Telephone: (415) 982-9390
Facsimile: (415) 982-4328

Attorneys for Applicant
Navigators Specialty Insurance Company

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

In re: CHRISTOPHER D. COOK

Debtor

SSN xxx xx 3026

Case No. 11-30705 HLB
Chapter 7

**NAVIGATORS' RESPONSE TO BRADLEY KASS' OBJECTION TO APPLICATION FOR APPROVAL OF COMPROMISE**

Due to the omissions of the Trustee in this matter, Navigators Specialty Insurance Company ("Navigators") was forced to renew the Trust's prior application for approval of a settlement between the Trustee and Navigators. An objection to the renewed application was filed by Mr. Bradley Kass ("Objector"), as a creditor and putatively as counsel for Debtor Christopher Cook ("Debtor"). The objection asserts legal positions without providing precedential or factual support. The law and the undisputed facts fully support Navigators' renewed application, and the previously-executed settlement should be approved. The positions of Objector are refuted as follows.

**I. <u>Navigators Has Standing To Seek Approval Of The Settlement, And Objector's Standing To Oppose The Settlement On Behalf of Debtor Is Questionable.</u>**

Objector asserts – without citation to legal authority – that Navigators lacks standing to pursue this Court's approval of the settlement. To the contrary, bankruptcy courts have expressly recognized that interested parties to a compromise have standing to seek approval, independent of the trustee. *See, In re*

Case: 11-30705 Doc# 170 Filed: 05/01/13 Entered: 05/01/13 15:22:59 Page 1 of 17

*TSIC, Inc.* (Bkrtcy.D.Del. 2008) 393 B.R. 71 (cited with approval in *In re US Fidelis, Inc.* 2012 WL 1031450 (Bkrtcy.E.D.Mo. )).

Precedent also instructs that the purpose of an application to approve a compromise, in the context of a bankruptcy case, is to provide notice to creditors and an opportunity for objections to be raised. *See, e.g., In re Lovel Bldg. Co.* (D.C.N.J.1953) 116 F.Supp. 383. As long as an application is made and the requisite notice is provided, the purpose and spirit of the bankruptcy rules have been fully served, regardless of the identity of the interested party making the application. *See, In re Kansas City Journal-Post Co.* (C.C.A.8 (Mo.) 1944) 144 F.2d 816, *certiorari dismissed* 65 S.Ct. 559 (where spirit of rules pertaining to approval of compromise has been duly respected and its purposes served, there is no room for technical objection and any attack must address the merits).

Further, in its capacity as a court of equity, this Court may and should use its wide discretionary powers to duly consider Navigators' application. *See, In re Van Camp Products Co.* (C.C.A.7 (Ind.) 1938) 95 F.2d 206, *certiorari denied* 59 S.Ct. 65 (court of bankruptcy possesses power of court of equity); *see also, In re Niagara Falls Mill Co.* (W.D.N.Y. 1940) 34 F.Supp. 801 (bankruptcy court has wide discretion with respect to the approval of a compromise of a controversy between bankrupt's estate and others). There is no doubt that Navigators is an interested party in relation to the settlement and its approval. There is likewise no reasonable doubt that Navigators' interests in the approval of the settlement were adversely impacted by Trustee's failure to keep Navigators notified about the prior application, the prior objection by Mr. Kass and the prior hearing, as well as Trustee's failures to sufficiently brief the issues and to appear for the prior hearing. Under the circumstances, considerations of equity support this Court's consideration of Navigators' application.

On the issue of Objector's standing, to the extent that Objector purports to specially appear as counsel for Debtor, the bankruptcy petition filed by Debtor did not include the Debtor's pre-petition lawsuit against Navigators (i.e., the lawsuit that is the subject of the signed settlement between Navigators and Trustee) as an asset. Under those circumstances, Debtor may and should be estopped from pursuing claims against Navigators. *See Hamilton v. State Farm Fire & Cas. Co.* (9th Cir.2001) 270 F.3d 778; *Hay v. First Interstate Bank of Kalispell, N.A.* (9th Cir.1992) 978 F.2d 555; *In re Louden* (Bkrtcy.E.D.Ky. 1989) 106 BR 109. An objection on the part of Debtor, to the present application to approve the settlement, should

Case: 11-30705 Doc# 170 Filed: 05/01/13 Entered: 05/01/13 15:22:59 Page 2 of 17

likewise be subject to estoppel, and by extension, Debtor should be deemed to lack standing to object to the settlement. Further, precedent holds that in the absence of a showing that it is likely that a pre-petition state court action by the debtor would result in a surplus of funds following full satisfaction of creditor claims, a Chapter 7 debtor lacks standing to object to a compromise of prepetition state-court actions. *See, In re Rake* (Bkrtcy.D.Idaho 2007) 363 B.R. 146.

## II. **The Settlement Is Not A Sham And Objector Has Repeatedly Failed To Address The Merits Of The Application.**

Objector asserts the settlement at issue is a "sham." He offers no specific support or explanation for that position. More importantly, the objection completely fails to address the factual and legal positions set forth in Navigators' application.

Objector has had ample time and opportunity to respond in substance to Navigators' positions. Objector was copied with the December 19, 2011 letter sent by Navigators' counsel to Trustee's counsel concerning Debtor's lawsuit against Navigators and the absence of support for that lawsuit. *See*, Exhibit 5 hereto.[1] Indeed, that letter openly invited Objector to respond with any supporting evidence, so that both Navigators and Trustee could consider any such evidence during settlement negotiations. Objector never did so.

Objector likewise might have presented legal arguments and evidence in support of the merits of the Debtor's lawsuit against Navigators, via his prior objection to Trustee's original application to approve settlement of the lawsuit. Objector did not do so.

Now, once again, Objector disputes the propriety of the settlement while offering nothing to show that the lawsuit being settled was meritorious. Navigators, on the other hand, has provided this Court, the Trustee and Objector with an explanation of why Debtor's lawsuit would ultimately fail. Unless and until Objector responds in substance, the objection should be disregarded as frivolous.

///

///

///

---

[1] Exhibits to this response brief have been numbered to reflect and continue the exhibit numbering used in Navigators' application.

## III. An Evidentiary Hearing Would Support Approval Of The Settlement.

Objector asks this Court to grant a full evidentiary hearing on the application. For years, Navigators has been asking Debtor (and Mr. Kass, as Debtor's underlying litigation counsel) to provide evidentiary support for Debtor's lawsuit against Navigators. Aside from a document that is facially and by its express terms insufficient to serve as a grant of insurance coverage, nothing has ever been produced by Debtor or Objector.

Nonetheless, Navigators does not oppose Objector's request for an evidentiary hearing. Instead, Navigators would welcome the opportunity, as Navigators believes that such a hearing would likely show that Debtor himself has no proverbial dog in this fight, because the conclusion of the bankruptcy process will eliminate Debtor's standing to pursue claims against Navigators. The rationale for that belief on Navigators' part is as follows. Debtor's bankruptcy petition lists $250,000 owed to Mr. Kass and his law firm as a debt to be discharged. *See*, Exhibit 6 hereto. Mr. Kass and his law firm served as Debtor's defense counsel in the underlying lawsuit brought by Ms. Bendiewicz against Debtor. Debtor's claims against Navigators (filed as a cross-claim in the Bendiewicz lawsuit) are premised on Navigators' declination of any duty to defend Debtor against Ms. Bendiewicz's claims. Reasonably assuming that at least some part of the $250,000 debt listed in Debtor's bankruptcy petition as owed to Mr. Kass and his firm includes and reflects fees and costs incurred in the defense of Debtor and Debtor's corporate business, then upon receiving a discharge of listed debts in this bankruptcy proceeding, Debtor will no longer have monetary damages and thus no apparent standing to pursue Navigators.[2] If that is in fact the situation, then approval of the settlement would be even more proper, because those circumstances would mean that the lawsuit being settled lacks ultimate viability and merit.

Since an evidentiary hearing would vet those issues, Navigators does not oppose Objector's request for such a hearing. In the event that such a hearing is ordered, Navigators requests that the issue of Mr. Kass' role as creditor be addressed as well. While Mr. Kass, on behalf of his law firm, filed a claim in this bankruptcy case (Exhibit 7 hereto), that claim does not list any dollar value, and, while purporting to be a secured claim based on a lien in relation to "lawsuits" there is no lien on file in the underlying lawsuit being

[2] Similarly, not having filed an attorney lien in the underlying lawsuit, Mr. Kass has no independent legal interest or right in the cross-claims filed against Navigators in that suit.

Case: 11-30705 Doc# 170 Filed: 05/01/13 Entered: 05/01/13 15:22:59 Page 4 of 17

considered here. To the extent that Mr. Kass' status as a creditor (i.e., secured versus unsecured) might impact the scope of his rights in the bankruptcy estate, and by extension, the scope of his rights to object to the compromise, such issues should be vetted in any evidentiary hearing related to the subject compromise.

**IV. <u>The Settlement Cannot Now Become The Subject Of A Bidding War.</u>**

Objector very briefly refers to "another pending offer" that is more than the amount of the settlement. Aside from not providing any details on that subject, Objector appears to be asserting the illogical position that someone else could settle disputes on behalf of Navigators, and somehow obtain recovery rights.

The disputes being compromised are between Navigators, Debtor and Debtor's corporate business (a suspended entity). Trustee can – and did – compromise those disputes, because the claims against Navigators are the property of the bankruptcy estate. However, no legal stranger to the disputes can accomplish a compromise. Objector offers no legal support for such a premise, nor does undersigned counsel for Navigators know of any statute or case law that would permit a legal stranger to step into the process. Certainly, Navigators has not authorized any person to do so.

To the extent that Objector is suggesting that Debtor's lawsuit against Navigators could somehow be sold if the settlement is not approved, that suggestion lacks support and would reflect an inequitable outcome of these proceedings. Debtor did not disclose the lawsuit against Navigators in his bankruptcy petition, and Debtor has never amended his petition to identify the lawsuit as an asset. Under those circumstances, Debtor may be estopped from pursuing claims against Navigators, and any would-be assignee or purchaser of those claims would be subject to the same defenses.

As regards Mr. Kass - and Debtor's bankruptcy counsel, Mr. Raymond Miller - both of those attorneys were informed of the settlement negotiations between Navigators and Trustee starting in December 2011. Had Mr. Kass then believed the lawsuit could be treated as a negotiable asset, he might have contacted Trustee to place a "bid." Apparently, he did not do so, because Trustee subsequently executed a written settlement agreement with Navigators. Mr. Kass had ample opportunity to pursue that route, even assuming its viability. Instead, he waited until <u>after</u> Navigators and Trustee executed an agreement.

///

Case: 11-30705 Doc# 170 Filed: 05/01/13 Entered: 05/01/13 15:22:59 Page 5 of 17

Considerations of equity should not allow for a "bidding war" at this juncture, particularly when no party involved in these proceedings has ever refuted the legal and factual arguments presented by Navigators showing the absence of merit to Debtor's lawsuit against Navigators. Compromises in bankruptcy cases should be approved unless there is a sound legal basis for litigation and likelihood of substantial ultimate benefit to the bankruptcy estate. *See*, *In re Sherman Homes, Inc.* (Bkrtcy.D.Me. 1983) 28 B.R. 176.

**V. <u>Disapproval Of The Settlement May Be Contrary To Debtor's Interests And The Interests Of The Bankruptcy Estate.</u>**

If the settlement at hand is not approved, then one of two things might happen. First, Trustee might pursue the lawsuit against Navigators on behalf of the bankruptcy estate, a process that would substantially lengthen the bankruptcy process (potentially through appeals) for Debtor, the creditors and all involved, and would likely require substantial monetary resources.

Alternatively, if the settlement is not approved and Trustee then attempts to treat the lawsuit against Navigators as an asset, and if a putative purchaser attempts to prosecute the lawsuit against Navigators, Debtor will still be subject to discovery in the lawsuit, including deposition and document subpoenas, as well as requisite appearance at trial. While Objector purports to specially appear on Debtor's behalf, there is a substantial question as to whether Debtor himself wishes to continue expending his time in relation to the lawsuit against Navigators. At a minimum, Objector should address that issue during the requested hearing.

Respectfully submitted,

Dated: May 1, 2013

WOLKIN CURRAN, LLP

By: A.K. Thomas

Amy K. Thomas

Attorneys for Applicant
Navigators Specialty Insurance Company

Case: 11-30705 Doc# 170 Filed: 05/01/13 Entered: 05/01/13 15:22:59 Page 6 of 17

# EXHIBIT 5

LAW OFFICES OF

WOLKIN • CURRAN, LLP

555 MONTGOMERY STREET, SUITE 1100
SAN FRANCISCO, CALIFORNIA 94111

AMY K. THOMAS
DIRECT EXT. 115
EMAIL
ATHOMAS@WOLKINCURRAN.COM
ALSO ADMITTED TO NEVADA STATE BAR

TELEPHONE
(415) 982-9390
FACSIMILE
(415) 982-4328

December 19, 2011

*Via U.S. Mail, and Email As Indicated*

| Janina M. Hoskins, Trustee<br>c/o Reidun Stromsheim<br>LAW OFFICES OF STROMSHEIM AND ASSOC.<br>201 California Street, Suite 350<br>San Francisco, CA 94111<br>Email: rstromsheim@stromsheim.com | Office of the U.S. Trustee, S.F.<br>235 Pine Street, Suite 700<br>San Francisco, CA 94104 |
|---|---|

Re: **Christopher Cook**
**Bankruptcy Petition No. 11-30705**
U.S. Bankruptcy Court, Northern District of CA

Dear Trustees:

My office serves as counsel for Navigators Specialty Insurance Company ("Navigators"), in relation to disputes with Mr. Christopher Cook and LegacyQuest, Inc. It is my understanding that you serve as the trustees for and in the bankruptcy proceedings of Mr. Cook, and I write to you in that capacity.

Prior to the commencement of his bankruptcy, Mr. Cook filed a cross-complaint against Navigators (erroneously naming it as NIC Insurance Company), in a putative effort to recover attorney fees and legal costs in a settled construction case, *Bendiewicz v. Christopher Cook, et al.*, San Francisco County Superior Court Case No. CGC-05-440190. The cross-action by Mr. Cook against Navigators has been and presently remains stayed, in accordance with 11 U.S.C. section 362. A copy of the operative cross-complaint is enclosed, for your reference.

As a result of Mr. Cook's commencement of bankruptcy proceedings, his earlier filed cross-complaint against Navigators was not only stayed, but was also effectively transferred to Mr. Cook's bankruptcy estate and to you as trustee. *See, e.g., Wolkowitz v. Redland Ins. Co.* (2003) 112 Cal.App.4th 154; *Brown v. Guarantee Ins. Co.* (1957) 155 Cal.App.2nd 679. I thus

write to you in an effort to facilitate dismissal or other resolution of the cross-claims asserted by Mr. Cook against Navigators.[1]

In a nutshell, the cross-claims against Navigators are premised on Mr. Cook's and LegacyQuest's argument that each of them was or should have been an additional-insured under insurance policies issued by Navigators to subcontractor Shamrock Construction, Inc. ("Shamrock"), and, that Navigators thus had an obligation to defend Mr. Cook and LegacyQuest from the claims of underlying plaintiff Ms. Bendiewicz. Navigators denies that either Mr. Cook or LegacyQuest had or have additional-insured status under those policies.

As I and my client have advised Mr. Cook's underlying litigation counsel – Brad Kass, of Kass & Kass Law Offices – Navigators did issue two insurance polices to Shamrock. Neither of those policies ever included Mr. Cook or LegacyQuest as named insureds or specified additional-insureds. Further, the first of those two policies expired prior to the events giving rise to Ms. Bendiewicz' underlying claims against Mr. Cook and LegacyQuest, which moots any and all questions of coverage under that first Navigators policy.

The second of the Navigators policies issued to Shamrock did have an endorsement form, which would have conferred additional-insured status <u>if Shamrock's written contracts or agreements so required</u>. However, and despite multiple requests, neither Mr. Cook nor LegacyQuest ever produced any documents containing any written contract or agreement requiring Shamrock to procure or provide insurance coverage or insured status for Mr. Cook or LegacyQuest. The sole construction document produced to date is a Shamrock estimate for labor and materials; the estimate makes no reference to the provision of insurance. And while Mr. Cook's counsel provided copies of insurance certificates, those certificates very explicitly advise that no insured status is or can be conferred via the certificate form. Based on these circumstances, Navigators maintains that Mr. Cook's cross-claims are without merit.

Further, given that attorney Brad Kass, and his office Kass & Kass Law Offices, are identified as direct creditors in Mr. Cook's bankruptcy petition and schedule, there is a substantial question regarding Mr. Cook's and LegacyQuest's standing to have filed the cross-complaint in the first place. If neither Mr. Cook nor LegacyQuest ever paid for legal fees and costs to defend against Ms. Bendiewicz' underlying claims – or, if their own insurers or other insurers funded that defense - said lack of monetary harm, as well as Mr. Cook's subsequent bankruptcy petition, should eliminate (or at a minimum, significantly diminish) the cross-claims against Navigators.

---

[1] To the extent that the cross-claims against Navigators were asserted concurrently by LegacyQuest, that entity's corporate status is suspended such that LegacyQuest cannot at this time proceed against Navigators. Further, given that LegacyQuest was a business that appears to have been owned and operated by Mr. Cook, there is some question as to whether LegacyQuest's cross-claims against Navigators are likewise now the property or within the control of you as the trustee for Mr. Cook's bankruptcy - particularly given that debts incurred by or on behalf of LegacyQuest, Inc., are identified within Schedule F of Mr. Cook's bankruptcy petition.

**In re: Christopher Cook**
**Bankruptcy Petition No. 11-30705**
**U.S. Bankruptcy Court, Northern District of CA**
**December 19, 2011**

Please contact me to discuss this matter. Also, and by way of copy of this letter to attorney Brad Kass, I again request that if there was ever any written agreement between Shamrock and Mr. Cook or LegacyQuest, which he believes supports the existence of additional-insured status under a Navigators insurance policy, a copy of that written agreement be provided to me for Navigators' consideration. Likewise, it is again requested that Mr. Kass provide documentary evidence of the alleged damages sought from Navigators; to date, no damages have ever been substantiated.

Thank you for your time and your consideration of the issues addressed in this letter.

Very truly yours,

WOLKIN • CURRAN, LLP

A.K. Thomas

Amy K. Thomas

Copy via Email:
Client (File No. 41113902)
Raymond R. Miller (Counsel for Debtor) - raymillerecf@gmail.com
Bradley Kass - kassoffice@sbcglobal.net

# EXHIBIT 6

IN RE Cook, Christopher D — Debtor(s) — Case No. ______ (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. ***1400**<br>**JPMorganChase**<br>**Legal Dep't**<br>**300 S. Grand Ave., 4th Fl.**<br>**Los Angeles, CA 90071** | | | **2009** | | | | **12,000.00** |
| ACCOUNT NO.<br>**Kahala LLC**<br>**PO Box 280148**<br>**San Francisco, CA 94128** | | | **Vendor re Texas Development, Inc.** | | | | **Notice** |
| ACCOUNT NO.<br>**KAREN KLEIN c/o**<br>**B-Squared Inc dba All California Funding**<br>**14958 Ventura Blvd Ste 200**<br>**Sherman Oaks, CA 91403** | | | | | | | **Notice** |
| ACCOUNT NO.<br>**KAREN N ANDERSON c/o**<br>**B-Squared Inc dba All California Funding**<br>**14958 Ventura Blvd Ste 200**<br>**Sherman Oaks, CA 91403** | | | | | | | **Notice** |
| ACCOUNT NO.<br>**KAREN SMOLLINS c/o**<br>**B-Squared Inc dba All California Funding**<br>**14958 Ventura Blvd Ste 200**<br>**Sherman Oaks, CA 91403** | | | | | | | **Notice** |
| ACCOUNT NO.<br>**KASS & KASS LAW OFFICES**<br>**Bradley Kass, Esq.**<br>**520 S. El Camino Real, #810**<br>**San Mateo, CA 94402** | | | **Legal services** | | | | **250,000.00** |
| ACCOUNT NO.<br>**Bradley Kass in Trust**<br>**1 Visitacion Ave.**<br>**Brisbane, CA 94005-1558** | | | **Assignee or other notification for:**<br>**KASS & KASS LAW OFFICES** | | | | |

Sheet no. **22** of **42** continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) $ **262,000.00**

Total (Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) $

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

# EXHIBIT 7

B 10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT Northern District of California | PROOF OF CLAIM |
|---|---|
| Name of Debtor: Christopher D. Cook | Case Number: 11-30705-TEC 7 |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): KASS & KASS LAW OFFICES/Bradley Kass, Esq.

Name and address where notices should be sent: 520 S. El Camino Real, Suite 810 San Mateo, California 94402

Telephone number: (650) 579-0612

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** ____________ (*If known*)

Filed on: ________________

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ ~~not calculated yet~~

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Legal Services
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** ______

**3a. Debtor may have scheduled account as:** ________________
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☒ Other
**Describe:** lawsuit(s)

**Value of Property:** $ all proceeds paid to bankruptcy estate up to claim **Annual Interest Rate** ___%

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any:** $______________ **Basis for perfection:** ________________

**Amount of Secured Claim:** $ not known yet **Amount Unsecured:** $______________

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$______________

**Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| Date: 01/24/2012 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. [signature] | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

1. **Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

2. **Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the trustee or another party in interest files an objection to your claim.

3. **Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

4. **Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

5. **Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

6. **Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

7. **Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity owed a debt by the debtor that arose on or before the date of the bankruptcy filing. See 11 U.S.C. §101 (10)

**Claim**
A claim is the creditor's right to receive payment on a debt owed by the debtor that arose on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**DECLARATION OF SERVICE**

I, Drew Storms, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. I am employed by Wolkin · Curran, LLP, 555 Montgomery Street, Suite 1100, San Francisco, California 94111.

On May 1, 2013, I served the attached document,

**NAVIGATORS' RESPONSE TO BRADLEY KASS' OBJECTION TO APPLICATION FOR APPROVAL OF COMPROMISE**

on the interested parties in said action, by placing a true copy thereof in (a) sealed envelope(s) or package(s), with delivery fees or postage fully prepaid, addressed as follows,

**SEE ATTACHED SERVICE LIST**

and served the named document in the manner(s) indicated below:

X **BY MAIL:** I caused the true and correct copy(ies) of the above named document(s), notice, and/or other paper(s) to be to be placed and sealed in an envelope(s) or package(s), with postage fully prepaid, addressed to the person on whom it was to be served, at the office address, as last given by that person on any document filed in the cause and served on the party making service by mail, or otherwise addressed at that party's place of residence, and I caused such envelopes or package(s) to be deposited in a post office, mailbox, subpost office, substation, or mail chute, or other like facility regularly maintained by the Unites States Postal Service or being readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service whereby correspondence placed for collection on a particular day is deposited with the United States Postal Service on that same day, I caused the above named document(s) notice, and/or paper(s) to be been placed for collection and mailing on the date of this service, following ordinary business practices. I caused the true and correct copy(ies) of the above named document(s), notice, and/or other paper(s) to be served by mail, to bear a notation of the date and place of mailing or to be accompanied by a signed copy of the affidavit or certificate of mailing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed May 1, 2013, at San Francisco, California.

Drew Storms

Case: 11-30705 Doc# 170 Filed: 05/01/13 Entered: 05/01/13 15:22:59 Page 16 of 17

<u>SERVICE LIST</u>

*In re: Christopher D. Cook*
United States Bankruptcy Court, Case No. CGC-05-440190

| | |
|---|---|
| Bradley Kass, Esq.<br>KASS & KASS LAW OFFICES<br>520 S. El Camino Real, Suite 810<br>San Mateo, CA 94402 | Counsel for C. Cook |
| Raymond R. Miller, Esq.<br>RAYMOND R. MILLER, Attorney at Law<br>PO Box 2177<br>Castro Valley, CA 94545 | Counsel for C. Cook<br>Bankruptcy Proceedings |
| Janina M. Hoskins<br>PO Box 158<br>Middletown, CA 94561 | Trustee |
| Reidun Stromsheim, Esq.<br>STROMSHEIM & ASSOCIATES<br>201 California Street, Suite 350<br>San Francisco, CA 94111 | Counsel for Trustee |

Case: 11-30705 Doc# 170 Filed: 05/01/13 Entered: 05/01/13 15:22:59 Page 17 of 17