REIDUN STRØMSHEIM # 104938
STROMSHEIM & ASSOCIATES
201 California Street, Suite 350
San Francisco, California  94111
Telephone:	(415) 989-4100
Fax:	(415) 989-2235
rstromsheim@stromsheim.com

Attorneys for Trustee,
JANINA M. HOSKINS

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 11-30705 HBJH |
| CHRISTOPHER D. COOK | Chapter 7 |
| SSN xxx xx 3026 | Date: May 16, 2013<br>Time: 10:00 a.m. |
| Debtor | Place: 235 Pine Street, 23rd Floor<br>San Francisco |

### DECLARATION OF JANINA M. HOSKINS IN SUPPORT OF OPPOSITION TO MOTION FOR APPROVAL OF COMPROMISE

I, JANINA M. HOSKINS, hereby declare:

1.	I am the duly appointed trustee of the above referenced bankruptcy estate. The information given herein is based on my personal knowledge as such, and if called as a witness I would and could testify competently hereto.

2.	Attached hereto as Exhibit "A" is a true and correct copy of the communication sent by my counsel to the attorney for by Navigators Specialty Insurance Company, formerly named and known as NIC Insurance Company, ("Navigators"), stating, *inter alia,* that the compromise agreed to no longer was in the best interest of the estate.

3.	Attached hereto as Exhibit "B" is a true and correct copy of the communication sent by my counsel to the attorney for by Navigators asking them to withdraw the motion for approval of compromise.

4. It is my opinion that the compromise with Navigators is not in the best interest of the creditors of the estate. The compromise was entered into in the belief that the remaining claim in the lawsuit (which had not been disclosed by the Debtor), was more of an administrative matter than a substantive claim, thus the settlement was accepted as a *de minimis* matter. On the basis of the Court's order for additional analysis of the underlying action, and in view of the costs involved vs. the minuscule amount of the settlement, I can no longer argue that it is in the best interest of the creditors of the estate.

5. It is my opinion that the issue can best be resolved by the interested parties participating in an overbid session, where the value can be fixed. Alternatively, the case should simply be closed, without any bids, and the claim will revert to the Debtor.

I declare under penalty of perjury that the foregoing is true and correct, unless stated on information and belief, and as to those matters I believe them to be true.

Executed in the state of California on May 9, 2013

                      /s/     Janina M. Hoskins

# EXHIBIT A

**From:** Reidun Stromsheim [rstromsheim@stromsheim.com]
**Sent:** Sunday, March 31, 2013 1:07 PM
**To:** 'Amy Thomas'
**Subject:** Cook

Hi, Amy.

Well, the settlement went down, the Debtor's attorney was there and said he had a lien, and the debtor has said he will pay more. Regrettably, I was not there – we had mis-calendared the hearing, and when I heard what had happened, it did not make sense to set it on for hearing again, we would still not get it approved.

Because the amount is so small, the Trustee plans to withdraw the motion, close the case, and the claim will revert to the Debtor. Should your client be willing to come up with a more significant amount, and unfortunately nothing less than $20,000 will do, we will give it another try. On the other hand, we will understand if your client choses not to.

Please let me hear from you within a week.

Best,
Reidun

Reidun Stromsheim
Stromsheim & Associates
Attorneys at Law
201 California Street, Suite 350
San Francisco, CA 94111
Telephone: (415) 989-4100, Ext. 202
Facsimile: (415) 989-2235
Email: rstromsheim@stromsheim.com

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sec. 2510-2521 and is legally privileged. The information contained herein is intended only for use by the individual or entity named above. If you are not the intended recipient, please destroy this email after advising by reply that you erroneously received this, and that it has been destroyed and permanently deleted from all of your email servers and work stations. The receipt by anyone other than the designated recipient does not waive the attorney-client privilege or work-product doctrine.

# EXHIBIT B

# Reidun Stromsheim

**From:** Reidun Stromsheim [rstromsheim@stromsheim.com]
**Sent:** Wednesday, April 03, 2013 8:33 AM
**To:** 'Amy Thomas'
**Subject:** Cook

Amy,
Since when did you get authority to represent the Trustee?
You have until tomorrow to withdraw your imprudently and ill advised pleadings.
The Trustee will not go forward with the settlement, as I advised you, as it is no longer in the best interest of the creditors of the estate.
Reidun

Reidun Stromsheim
Stromsheim & Associates
Attorneys at Law
201 California Street, Suite 350
San Francisco, CA 94111
Telephone: (415) 989-4100, Ext. 202
Facsimile: (415) 989-2235
Email: rstromsheim@stromsheim.com

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sec. 2510-2521 and is legally privileged. The information contained herein is intended only for use by the individual or entity named above. If you are not the intended recipient, please destroy this email after advising by reply that you erroneously received this, and that it has been destroyed and permanently deleted from all of your email servers and work stations. The receipt by anyone other than the designated recipient does not waive the attorney-client privilege or work-product doctrine.